UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ZJBV Properties, LLC

    v.                                        Civil No. 1:21-cv-1070-JL
                                            Opinion No. 2023 DNH 086P

Mammoth Tech, Inc.

## ORDER ON MOTIONS IN LIMINE

In this commercial landlord-tenant dispute, the jury will decide the plaintiff-landlord's ("Landlord") sole claim for breach of the parties' lease agreement and whether the tenant-defendant's ("Tenant") defenses, including constructive eviction, excuse its alleged breach. Before the court are the parties' several motions in limine seeking to admit or exclude a variety of evidence and areas of inquiry from the upcoming trial. The court addresses each motion in turn.

The court reminds the parties that these rulings are made without prejudice to revisiting particular issues in response to circumstances that might arise during trial. Furthermore, these rulings are limited to grounds argued in the parties' filings and raised at the final pretrial conference. The court reserves the right to assess other factors at trial, such as hearsay, authenticity, and best evidence, see Fed. R. Evid. 800 et seq., 900 et seq., and 1000 et seq., and where appropriate, arguments and grounds not raised by counsel.

### I.     Landlord's motion in limine

In support of its defenses for nonpayment of rent, Tenant plans to call witnesses from one or more heating, ventilation, and air conditioning companies to testify about the

work those companies performed on the air condition system at the leased premises and their technicians' observations of the system's condition during that work.  It also plans to introduce invoices produced by the HVAC companies with narrative sections describing their work and offering recommended repairs, part replacements, or other upgrades to the system.  Landlord moves in limine to exclude any opinion evidence (whether in testimonial or documentary form) regarding recommended repairs or upgrades to the system, contending that because Tenant failed to timely disclose any experts, the default sanction of excluding such evidence from trial is warranted.

Tenant responds that it does not plan to elicit testimonial evidence on this subject and contends that the expert disclosure rules do not apply to documentary evidence in the form of business records that may incidentally include expert opinions.  Thus, says Tenant, it should be allowed to introduce the HVAC technicians' invoices in full, without redaction of the narrative stating their recommended repairs or part replacements.

Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 . . . at the times and in the sequence that the court orders," and absent a court order or other agreement of the parties, the expert disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(A) and (D).  Expert disclosures were initially due a year ago (see doc. nos. 12 and 13) and those deadlines were later extended by the parties' agreement and court order.  See doc. nos. 24 and 25.  Neither party disclosed any expert witnesses.

2

Under Rule 702 of the Federal Rules of Evidence, a witness may be "qualified as an expert by knowledge, skill, experience, training, or education" and testify in the form of opinion, see Fed. R. Evid. 702, if the expert's opinion "draws upon the witness's scientific, technical, or other specialized knowledge." West v. Bell Helicopter Textron, Inc., 967 F. Supp. 2d 479, 503 (D.N.H. 2013) (citing R. 702).  Other witnesses, however, may testify in the form of opinions that are "rationally based on the witness's perception[,] helpful to clearly understanding the witness's testimony or to determining a fact in issue[,] and . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added).  Such lay opinion testimony need not be disclosed by the parties in advance of trial.  Accordingly, Landlord's motion first turns on whether the anticipated evidence constitutes "expert" opinion under Rule 702.

"The dividing line between lay opinion testimony under Rule 701 and expert opinion testimony under Rule 702 . . . is marked by whether the opinion is based on the expert's 'specialized' knowledge, rather than . . . whether the witness came by that knowledge 'through experience' as opposed to training, education, or the other ways that a witness can qualify to give expert testimony." United States v. Tanguay, 895 F. Supp. 2d 284, 289 (D.N.H. 2012).  Thus, "opinion testimony that . . . witnesses give based on their 'significant experience' in their fields is expert testimony." West, 967 F. Supp. 2d at 504; see also Pelletier v. Main Street Textiles, LP, 470 F.3d 48, 55 (1st Cir. 2006) ("[I]n general, the customs and practices of an industry are proper subjects for expert

3

testimony."); Levin v. Dalva Bros., Inc., 459 F.3d 68, 79 (1st Cir. 2006) ("Expert testimony on industry standards is common fare in civil litigation.").

Tenant plans to call witnesses from one or more HVAC companies to testify about the condition of the air conditioning system at the leased premises and the work those companies performed on the system. It also plans to introduce invoices produced by the HVAC companies describing the work they performed and the technicians' observations of the system while on site. This evidence – which is plainly fact testimony based on the witnesses' personal observations – does not amount to expert opinion testimony under Rule 702.

At the time Landlord filed its motion, it believed that Tenant also planned to elicit testimony from these witnesses about recommended repairs or upgrades to the air conditioning system, but Tenant apparently does not plan to do so. In its objection, Tenant states that it "does not intend to seek *testimony* in the form of an opinion from the technicians concerning the overall failure of the HVAC system, whether the HVAC system was capable of providing the level of cooling required by the specific lease terms, or predicting how long the system could continue to operate."[1] Instead, it "merely intends to ask the technicians what they saw and what they did when they worked on the system."[2] So far, this evidence appears admissible.

---

[1] Defendant's Objection (doc. no. 55) at 2.

[2] Id. (emphasis added).

4

Tenant nevertheless intends to introduce *portions of the invoices* explaining recommended repairs or part replacements. Tenant admits and acknowledges that these records will be offered for the truth of the statements contained therein – that repairs were necessary, recommended by HVAC professionals, and the associated costs. See F.R. Evid. 401 (definition of hearsay); see, e.g., HVAC Invoices (doc. no. 48-1) at 1 ("I recommend considering a replacement [Tower] at this time"); 3 ("Again I recommend replacement of the Florida Heat Pump"); 7-8 ("pump . . . should be replaced"). It does not contend that these statements fall outside the scope of Rule 702, but instead – citing the "business record" exception to the hearsay rule, see Fed. R. Evid. 803(6) – it argues that Rules 701-703 do not apply to documentary evidence.[3] Tenant cites no authority for this incorrect proposition, and the court is unaware of any. The fact that a record may qualify as an exception to the hearsay rule does not mean that it may not also constitute opinion evidence.

The HVAC technicians' statements in the invoices about recommended repairs, upgrades, or part replacements constitute expert opinions under Rule 702 because they are based on "technical, or other specialized knowledge" and "result[ ] from a process of reasoning which can be mastered only by specialists in the field." Tundra Mountain Holdings, LLC v. Markel Ins. Co., No. 4:20-CV-0023-HRH, 2023 WL 4103998, at *3 (D. Alaska June 21, 2023) (quoting Adv. Comm. Note to Fed. R. Evid. 701) (finding engineer's opinions that certain repair recommendations were required by building codes

---

[3] Doc. no. 55 at 3.

and/or ordinances fell within the scope of Rule 702 and required disclosure under Rule 26). The functionality of an HVAC system in a large commercial property is clearly beyond the ken of an average juror. See Pansini v. Trane Co., No. CV 17-3948, 2019 WL 1299036, at *6 (E.D. Pa. Mar. 21, 2019) ("Furthermore, because the complex HVAC System at issue in this case is beyond the common understanding of an average juror, the plaintiffs will likely need expert testimony to prove that the HVAC System was defective."). And recommendations about the proper repairs or upgrades to such systems do not "result[] from a process of reasoning familiar in everyday life." Tundra Mountain Holdings, LLC, 2023 WL 4103998, at *3.

Accordingly, consistent with prior rulings in orders of this court (which the defendant does not attempt to distinguish) the court finds that the narrative portions of the invoices containing recommended repairs, upgrades, or part replacements (and any corresponding trial testimony) is expert opinion testimony that required timely pre-trial disclosure under Rule 26. See, e.g., West, 967 F. Supp. 2d at 503 (finding "a pilot's testimony about how ice or snow should be removed from a helicopter, or how an autorotation should be performed" expert testimony under Rule 702); Tanguay, 895 F. Supp. 2d at 289 (finding the "process of reasoning" for explaining why an image depicts an actual child rather than a virtual one was "unfamiliar to laypeople" and thus "expert testimony under Rule 702").

Tenant does not dispute that it failed to disclose any of the HVAC technicians that worked on the leased premises, or any other individuals, as experts. Under these circumstances, a party is normally "not allowed to use that information or witness to

6

supply evidence" at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); see also West, 967 F. Supp. 2d at 504 ("Where a party fails to comply with his disclosure obligations under Rule 26(a), of course, 'the baseline rule is that the required sanction in the ordinary case is mandatory preclusion.'") (quoting Harriman v. Hancock County, 627 F.3d 22, 29 (1st Cir. 2010)).  The court may also depart from the baseline rule and "choose a less severe sanction" based on an "host of factors."  Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009).  The factors include "the sanctioned party's justification of the late disclosure; the opponent-party's ability to overcome its adverse effects (i.e., harmlessness); the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence."  Harriman, 627 F.3d at 29.

Tenant does not argue that its failure to disclose was substantially justified or harmless.  Nor does it meaningfully argue that any other factors warrant a lesser sanction.[4]  The court thus sees "no reason not to apply the baseline rule here to preclude [tenant] from offering expert testimony from any witness whom [it] did not disclose under Rule 26(a)(2)."  West, 967 F. Supp. 2d at 504.  This testimony – whether in the

---

[4] The balance of factors used to determine if a lesser sanction is warranted nevertheless favor precluding the evidence here.  Tenant offers no justification for the late disclosure.  And while Landlord has had the invoices for some time, because Tenant did not disclose any expert witnesses, Landlord did not expect Tenant to use those invoices to elicit expert opinion testimony from witnesses at trial.  Landlord's ability to overcome the late disclosure is thus severely limited on the eve of trial and it would be prejudiced by not being able to call its own expert witnesses to counter the Tenant's evidence.  While Tenant certainly needs the precluded evidence, the absence of this evidence is not fatal to its defenses or tantamount to dismissal.  See Harriman, 627 F.3d at 32 ("Reversals based on a sanctioned party's need for precluded evidence are rare, and seldom based on that factor alone.").

form of live testimony or documentary evidence containing that testimony – includes opinions about recommended repairs or system upgrades (including part replacements) to remedy the HVAC system's alleged failures, or industry standards on how HVAC systems should be maintained and whether or not the system at issue here met those standards.  The witnesses, however, may provide fact testimony on subjects including the work performed, the timing, frequency, and reasons for service calls, instructions given and responses, and observations made during service calls.

This ruling is without prejudice and subject to later reconsideration if Landlord attempts to introduce similar undisclosed opinion evidence through its witnesses (i.e. Brian Thibeault) or evidence as to the HVAC companies' motives for including certain information in their invoices, which could open the door to the evidence excluded here. See United States v. Brown, 669 F.3d 10, 24 (1st Cir. 2012) (where a party "opens the door" by introducing otherwise inadmissible evidence, the opposing party may introduce its own otherwise inadmissible counter-evidence).

## II.     Tenant's motions in limine

Tenant filed two motions in limine and, due to purported time constraints, did not meaningfully confer with Landlord prior to filing to determine its position on the motions.  Had Tenant's counsel conferred with Landlord's counsel prior to filing these motions, at least one of them could have been resolved by agreement.  Landlord filed a limited objection to Tenant's first motion in limine and objects to the second.  The court begins with the first motion.

**Other claims/litigation**.  Landlord does not plan to introduce evidence of the three other civil lawsuits against Tenant cited in Tenant's motion in limine.[5]  The court therefore denies Tenant's motion as to those three lawsuits without prejudice as moot.  If, however, Tenant seeks to preclude introduction of "other lawsuits or claims," it must identify those claims before the court can issue a ruling.  That portion of Tenant's motion is accordingly denied without prejudice to the court reconsidering the issue based on additional information provided by Tenant.  The court declines to issue a blanket pre-trial ruling precluding evidence of all other unspecified lawsuits or claims against Tenant.  These rulings are again subject to reconsideration if the defendant affirmatively puts the other, unrelated lawsuits at issue.

**Employee statements about business closure**.  Tenant also moves in limine to exclude "evidence that employees of Tenant were dissatisfied with the way that Tenant closed its business operations in March, 2022."[6]  It contends that this evidence is irrelevant to the issues in this case and could "cause the jury to become unfairly biased against Tenant."[7]

Landlord objects, arguing that the manner in which Tenant closed its business is relevant to the reason why it vacated the leased premises, namely, whether it vacated the premises due to the HVAC issues it cites as a defense for non-payment of rent, or rather

---

[5] See Plaintiff's Limited Objection (doc. no. 53) at 2.

[6] Motion (doc. no. 50) at ¶ 1.

[7] Id. at ¶ 3.

because of its own internal problems and challenges. It also contends that Tenant's request to exclude unspecified employee complaints is "overbroad," because Tenant does not identify the specific complaints it seeks to exclude, other than to reference (but not attach) a July 13, 2022 article published by the New Hampshire Business Review quoting allegedly disgruntled Tenant employees.[8]

These are relevance-based arguments, see Fed. R. Evid. 401, 402, 403, and are bound up with counsel's strategies, tactics, and the evidence they present at trial to support the claim and the defense. The court thus declines to issue a pre-trial ruling on this record. Either side's trial strategy could potentially render this evidence admissible. To the extent Landlord plans to challenge Tenant's purported reason for vacating the premises, or argue that reasons other than the HVAC system caused Tenant to vacate the premises, evidence supporting those theories may be admissible at trial. But the court cannot issue an admissibility ruling until it sees or hears that evidence. The same goes for employee complaints. The court must see or hear the purported complaint(s) before determining relevance or potential prejudicial effect. The motion is therefore under advisement, subject to consideration of their evidence presented at trial.

### III. Conclusion

For the reasons discussed above, the court:

- GRANTS Landlord's motion in limine[9];

---

[8] Plaintiff's Objection (doc. no. 54) at ¶ 7.

[9] Doc. no. 48.

10

- DENIES as moot Tenant's first motion in limine[10] and takes under advisement and reserves judgment on Tenant's second motion in limine,[11] depending on the evidence adduced at trial.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 14, 2023

cc: Daniel R. Hartley, Esq.
  Hilary Holmes Rheaume, Esq.
  Roy W. Tilsley, Jr., Esq.
  Richard J. Lehmann, Esq.

---

[10] Doc. no. 49.

[11] Doc. no. 50.